
**KILPATRICK TOWNSEND &
STOCKTON LLP**

Joseph Petersen (JP 9071)
Olivia Harris (OH 1983)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
jpetersen@kilpatricktownsend.com
oharris@kilpatricktownsend.com

Dennis L. Wilson (admitted *pro hac vice*)
David K. Caplan (admitted *pro hac vice*)
9720 Wilshire Blvd PH
Beverly Hills, California 90212-2018
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
dwilson@kilpatricktownsend.com
dcaplan@kilpatricktownsend.com

*Attorneys for Plaintiff*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/21/2015
```

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TUMBLR, INC.,<br><br>                       Plaintiff,<br><br>              v.<br><br>ARMAND VEGA,<br><br>                       Defendant. | 15-CV-3734 (VEC)<br><br>**SETTLEMENT AGREEMENT<br>AND CONSENT JUDGMENT** |

       Plaintiff Tumblr, Inc. and Defendant Armand Vega hereby enter the following Settlement Agreement and Consent Judgment:

       Plaintiff commenced this Action by filing a Complaint against Defendant on May 14, 2015, charging Defendant with violation of the federal Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act of 2003, 15 U.S.C. § 7701; federal unfair

1

competition, false description and false designation of origin, and cybersquatting under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1125(a), 1125(d); breach of contract under the common law of the State of New York; tortious interference with contractual relations under the common law of the State of New York; and unfair and deceptive trade practices under New York Law, N.Y. Gen. Bus. L. § 349;

Defendant admits as true all factual and legal allegations asserted by Plaintiff in the Complaint, and admits and concedes liability on all claims alleged therein;

The parties agree that the United States District Court for the Southern District of New York has subject matter jurisdiction over this Action and personal jurisdiction over Defendant for the purposes of this Action; and

To avoid the inconvenience and expense of further litigation, Plaintiff and Defendant wish to resolve this matter, and to that end, have agreed to enter this Settlement Agreement and Consent Judgment to dispose of all the claims set forth in the above-captioned Action on terms set forth below:

1. DEFINITIONS.  The following terms shall be defined:

1.1. The "Action" shall mean the above-captioned action.

1.2. The "Complaint" shall mean the Complaint filed on May 14, 2015, by Plaintiff in the Action.

1.3. The "Settlement Agreement and Consent Judgment" shall mean this Settlement Agreement and Consent Judgment.

1.4. "Plaintiff" or "Tumblr" shall mean Plaintiff Tumblr, Inc., its predecessors, successors, parent companies, affiliates, future affiliates, subsidiaries, assigns, and all entities owned or controlled by it.

1.5.   "Defendant" shall mean Defendant Armand Vega and his successors and assigns.

1.6.   "Parties" shall mean Plaintiff and Defendant.

1.7.   The "Tumblr API Agreement" shall mean Tumblr's Application Developer and API License Agreement, a true and correct copy of which is attached to the Complaint as <u>Exhibit B</u>, and is attached hereto as <u>Exhibit 1</u>.

1.8.   The "Tumblr Website" shall mean Plaintiff's global microblogging and social sharing website <tumblr.com>.

1.9.   The "Tumblr Platform" shall mean the Tumblr Website and Tumblr application programming interface, its accompanying or related documents, source code, executable applications and other materials.

1.10.   The "Tumblr Policies" shall mean Tumblr's Terms of Service, Community Guidelines, Privacy Policy and Trademark Guidelines, true and correct copies of which are attached to the Complaint as <u>Exhibit A</u>, and are attached hereto as <u>Exhibit 2</u>.

1.11.   The "TUMBLR Marks" shall mean all U.S. trademark rights, including Plaintiff's well-established common law rights, in Plaintiff's federally registered TUMBLR and "t" logo trademarks in connection with computer and internet-based social networking and electronic publishing services; computer software, advertising and marketing services; computer services and on-line non-downloadable software.  The TUMBLR Marks shall include without limitation the trademarks reflected in the registration certificates attached hereto as <u>Exhibit 3</u> for U.S. Trademark Registration Numbers 4,498,200; 4,397,501; 4,468,576; 4,341,004; 4,341,003; 4,341,002; 4,345,260; 4,319,728; 4,459,619; 3,714,214; and 4,345,260, as well as all variants thereof, whether used now or adopted in the future by Plaintiff.

1.12. The "Infringing Website" shall mean Defendant's <infinitefollowers.com> website, referenced in Paragraph 16 of the Complaint.

1.13. The "Infringing Application" shall mean Defendant's downloadable application, available at the Infringing Website as of the date of filing of the Complaint, referenced in Paragraph 19 of the Complaint.

1.14. The "Infringing Domain Names" shall mean all domain names owned by Defendant used in connection with the Infringing Website and/or Infringing Application, including without limitation <tumblrpromos.com>, <getmoretumblrfollowers.com>, <tumblrfollowers.com>, <infinitefollowers.com>, <infinitefollowers.net>, <infinitefollowers.org>, <getmoretumblrfollowers.info>, and <followerblasting.info>, referenced in Paragraph 16 of the Complaint.

2. STIPULATED FACTS. The Parties agree and stipulate as to the facts set forth in the preceding clauses of this Settlement Agreement and Consent Judgment and to the following facts:

2.1. Plaintiff is a corporation organized and existing under the laws of Delaware, with a principal place of business at 35 E. 21st Street, Ground Floor, New York, New York 10010.

2.2. Defendant is an individual, also known as Armand Escobar, currently residing at 840 Beacon Street NW, Palm Bay, Florida 32907.

2.3. Plaintiff owns common law trademark rights and multiple United States registrations for the TUMBLR Marks in connection with computer and internet-based social networking and electronic publishing services; computer software, advertising and marketing services; computer services and on-line non-downloadable software.

2.4. The Tumblr API Agreement and the Tumblr Policies create enforceable contracts between Plaintiff and its users, including Defendant.

2.5. Defendant owns, operates, and controls, or has in the past owned, operated, or controlled, the Infringing Website, Infringing Application, and Infringing Domain Names.

2.6. Plaintiff has not authorized Defendant to conduct any commercial activity on the Tumblr Website that exceeds the authorized commercial activity provided in the Tumblr Policies.

2.7. Plaintiff has not authorized Defendant to use other Tumblr users' accounts to access Plaintiff's computers and services.

2.8. Defendant admits as true all factual allegations asserted by Plaintiff in the Complaint, including without limitation the following:

    a) Defendant intentionally, maliciously and fraudulently used and registered the Infringing Domain Names, including domain names incorporating the TUMBLR Marks, to advertise and offer "follow train" services which encouraged Tumblr users to follow lists of other users to gain more followers for themselves in violation of the Tumblr API Agreement and Tumblr Policies.

    b) Defendant engaged in the unauthorized access of Plaintiff's computers and servers to cause Tumblr users to artificially and instantly follow other Tumblr users' blogs without the users' consent, direction or knowledge and cause the automatic upload of commercial advertisements containing misleading and false content promoting Defendant's commercial business to Tumblr users' blogs without the users' consent, direction or knowledge.

c) On Defendant's Infringing Website, Defendant directly encouraged Tumblr users to generate non-genuine traffic through fraudulent and deceptive means, including awarding points to Tumblr users.

d) Defendant used the TUMBLR Marks in the source code of his <infinitefollowers.com> website and in the content of the website.

e) Defendant offered to feature a Tumblr user's blog "at the top of the user list" for additional fees, the payment of which could be made through Defendant's Infringing Website, and Defendant advertised its "Become Featured" services on the Infringing Website.

f) Defendant's Infringing Website induced Tumblr users to download the Infringing Application in order to artificially and instantaneously increase a Tumblr user's followers.

g) Defendant agreed to the Tumblr API Agreement in order to access proprietary information on the Tumblr Website for the purpose of developing the Infringing Application.

h) Defendant's unsolicited commercial electronic mail messages to Tumblr users did not properly identify Defendant as the initiator of the messages, nor did they provide clear or conspicuous notice that the messages were advertisements generated by Defendant, information on how recipients could opt-out of future posts, or a valid address that Tumblr users could use to contact Defendant. Defendant's unsolicited commercial electronic mail messages were intentionally misleading and intended to redirect users to the Infringing Website, where Defendant induced users to download the Infringing Application.

i) Defendant engaged in advertising activities on the Tumblr Website and elsewhere.

j) Defendant did not disclose to Tumblr users that his services were unlawful and violated the Tumblr Policies. Defendant knowingly, intentionally, willfully, maliciously and fraudulently induced, encouraged and assisted Tumblr users in abusing Plaintiff's services and violating the Tumblr Policies.

3. ADMISSION OF LIABILITY. Defendant admits liability on all legal claims alleged by Plaintiff in the Complaint, including without limitation violation of the federal CAN-SPAM Act of 2003, 15 U.S.C. § 7701; federal unfair competition, false description and false designation of origin, and cybersquatting under Section 43(a) of the Lanham Act; breach of contract under the common law of the State of New York; tortious interference with contractual relations under the common law of the State of New York; and unfair and deceptive trade practices under New York Law, N.Y. Gen. Bus. L. § 349.

4. DEFENDANT'S REPRESENTATIONS AND WARRANTIES. Defendant represents and warrants that he has ceased operation of the Infringing Website and Infringing Application, has removed all content from the websites at the Infringing Domain Names, and does not own or operate any other domain names or websites that include any reference to the TUMBLR Marks or the Infringing Application. Defendant further represents and warrants that he will not resume operation of the Infringing Website, Infringing Application, or Infringing Domain Names at any point in the future.

5. INJUNCTIVE RELIEF.

5.1. In light of Defendant's conduct in owning and operating the Infringing Website, Infringing Application, and Infringing Domain Name, Defendant and his officers, agents, servants, representatives, employees, attorneys, successors, affiliates, heirs, assigns, and entities owned or controlled by Defendant, and all those persons in active concert or participation with

all or any of them who receive notice of this Settlement Agreement and Consent Judgment, are hereby permanently enjoined and restrained from:

      a)    using or registering any trademark, service mark, or trade name that incorporates in whole or part or is otherwise confusingly similar to the TUMBLR Marks;

      b)    using, registering owning, leasing, selling or trafficking in any business name or domain name that incorporates in whole or part or is otherwise confusingly similar to the TUMBLR Marks;

      c)    expressly or impliedly representing himself, his businesses, or his goods or services as affiliated, connected, or associated with, or authorized, sponsored, endorsed, or approved by, Plaintiff;

      d)    passing off to the public that his businesses or goods or services are those of or authorized by Plaintiff;

      e)    engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, deception or misunderstanding as to the affiliation, connection, or association or origin, sponsorship, or approval of his businesses, goods, or services with or by Plaintiff, including but not limited to registering and/or using social media accounts that are likely to confuse consumers as to Plaintiff's association with Defendant or Plaintiff's authorization, sponsorship, or approval of Defendant;

      f)    otherwise infringing upon the TUMBLR Marks or unfairly competing with Plaintiff in any manner;

      g)    causing Tumblr users to artificially follow other Tumblr users' blogs;

      h)    causing the automatic upload of commercial advertisements containing misleading and false content promoting Defendant's commercial business to Tumblr users' blogs without the users' consent, direction or knowledge;

      i)    encouraging Tumblr users to generate non-genuine traffic through fraudulent or deceptive means;

      j)    inducing Tumblr users to download software applications in order to artificially increase a Tumblr user's followers;

      k)    sending unsolicited commercial electronic mail messages to Tumblr users;

      l)    accessing or attempting to access the Tumblr Website and computer and servers;

      m)    using the Tumblr Platform;

      n)    initiating unsolicited commercial message to Tumblr users;

      o)    displaying the TUMBLR Marks anywhere on his websites, including in the source code or content of any website;

      p)    engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of the Tumblr Website;

      q)    engaging in any activity that violates the API Agreement and/or the Tumblr Policies, including any future amendments thereto; and

      r)    knowingly aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (q) above.

    5.2.  Within five (5) calendar days of the entry of this Settlement Agreement and Consent Judgment by the Court, Defendant shall take all required steps to transfer the <tumblrfollowers.com>, <tumblrpromos.com>, <getmoretumblrfollowers.com>, and <getmoretumblrfollowers.info> domain names, as well as any other domain names that

incorporate the TUMBLR Marks that are owned by or registered to Defendant or any and all persons and entities acting in concert or participation with Defendant, to Plaintiff or its designee.

5.3.    Defendant shall file with the Court and serve on Plaintiff's counsel within thirty (30) calendar days of the entry of this Settlement Agreement and Consent Judgment by the Court a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the Settlement Agreement and Consent Judgment.

5.4.    Nothing in this Settlement Agreement and Consent Judgment shall be construed as relieving Defendant of his obligations to comply with all state and federal laws, regulations and rules, or granting Defendant permission to engage in any other activity or practice prohibited by such law, regulation or rule.

6.    RELEASES.

6.1.    Conditioned upon the accuracy of Defendant's representations and warranties in this Settlement Agreement and Consent Judgment and upon the fulfillment by Defendant of the obligations and undertakings set forth herein, Plaintiff shall be deemed to have released Defendant from any and all claims asserted in the Action.  Such release shall be deemed null and void if Defendant breaches any of the obligations hereunder or if any of Defendant's representations and warranties hereunder should prove to be false.

6.2.    Conditioned upon the accuracy of Plaintiff's representations and warranties in this Settlement Agreement and Consent Judgment and upon fulfillment by Plaintiff of the obligations and undertakings set forth herein, Defendant shall be deemed to have released Plaintiff from any and all counterclaims that could have been asserted in the Action.  Such release shall be deemed null and void if Plaintiff breaches any of the obligations hereunder or if any of Plaintiff's representations and warranties hereunder should prove to be false.

6.3.    These releases shall not apply to any future claims or claims arising from facts not disclosed by Defendant prior to execution of this Settlement Agreement and Consent Judgment.

7.      **REMEDIES FOR BREACH**.

7.1.    The jurisdiction of this Court is retained for the purpose of construing and enforcing the terms of this Settlement Agreement and Consent Judgment and remedying violations thereof.

7.2.    For purposes of seeking judicial intervention to enforce the terms of this Settlement Agreement and Consent Judgment and to punish violations thereof, Defendant acknowledges that any material breach of this Settlement Agreement and Consent Judgment will result in irreparable injury to Plaintiff entitling Plaintiff to the entry of temporary, preliminary and permanent injunctive relief and award of treble damages.

7.3.    Plaintiff shall have the right to revive the Action or to pursue other legal action against Defendant concerning the subject matter of the Action if Defendant breaches any of the obligations hereunder, or if any of Defendant's representations and warranties hereunder should prove to be false.

7.4.    In the event that one of the Parties brings a proceeding to enforce the terms of this Settlement Agreement and Consent Judgment and prevails, such party shall be awarded its reasonable attorneys' fees, costs and expert witness fees.

7.5.    If Defendant breaches its obligations under Paragraph 5.1(a)-(r) of this Settlement Agreement and Consent Judgment, notwithstanding, and in addition to, all other remedies available to Plaintiff, Defendant agrees to pay Plaintiff, if Plaintiff so elects, liquidated damages in the amount of ten thousand dollars ($10,000) for each independent act in breach.

8. <u>MISCELLANEOUS</u>.

8.1. This Settlement Agreement and Consent Judgment, and all obligations contained herein, is worldwide in scope and effect. The Parties waive all claims that any provision of this Settlement Agreement and Consent Judgment or any portion thereof is unenforceable or invalid in any jurisdiction anywhere in the world.

8.2. Each of the Parties represents and warrants that it has the authority to execute this Settlement Agreement and Consent Judgment. Each of the Parties represents and warrants that to its knowledge the representations set forth in this Settlement Agreement and Consent Judgment given by it are true and accurate.

8.3. Neither this Settlement Agreement and Consent Judgment nor any provisions hereof may be waived, modified or discharged except by an instrument in writing signed by the party or a duly authorized officer of the party against which enforcement, modification or discharge is sought.

8.4. This Settlement Agreement and Consent Judgment shall be binding on and inure to the benefit of the Parties hereto, their officers, representatives, members, managers, directors, agents, heirs, executives, beneficiaries, employees, successors, assigns, subsidiaries, affiliates, future affiliates, parents and licensees.

8.5. This Settlement Agreement and Consent Judgment shall be construed under and governed in all respects, including interpretation, by the substantive laws of the State of New York without reference to New York choice of law rules.

8.6. The headings which have been used to designate the various sections of this Settlement Agreement and Consent Judgment are solely for convenience and ease of reference and shall not be used to interpret this Settlement Agreement and Consent Judgment.

8.7. Each of the Parties has carefully reviewed this Settlement Agreement and Consent Judgment, understands its terms, and has relied wholly on its own judgment and knowledge and has not been influenced to any extent whatsoever in making this Settlement Agreement and Consent Judgment by any representations or statements made by any other party or anyone acting on behalf of any other party. Any rules of construction construing an agreement against the drafting party shall not apply to the construction of this Settlement Agreement and Consent Judgment.

8.8. By signing this Settlement Agreement and Consent Judgment, each Party represents and warrants that it understands the Settlement Agreement and Consent Judgment's terms, the obligations hereunder, and the consequences of any breach thereof.

8.9. Except as otherwise provided herein, the Parties shall execute, acknowledge and deliver or cause to be executed, acknowledged or delivered, in a timely manner, all such further instruments or documents as may be reasonably necessary or reasonably desirable to effectuate the terms and provisions of this Settlement Agreement and Consent Judgment.

8.10. This Settlement Agreement and Consent Judgment may be signed in separate counterparts, all of which taken together shall constitute the agreement of the Parties hereto.

8.11. The use of the singular shall include the plural, and the use of the plural shall include the singular, for purposes of this Settlement Agreement and Consent Judgment.

8.12. All rights not expressly granted are reserved.

9. ENTRY OF JUDGMENT.

9.1. Plaintiff and Defendant hereby jointly move the Court for a final and non-appealable Order entering this Settlement Agreement and Consent Judgment with the full force and effect of a Final Judgment and Permanent Injunction.

IN WITNESS WHEREOF, each of the Parties has caused this Settlement Agreement and Consent Judgment to be signed by its duly authorized representative.

TUMBLR, INC.

By: _____

Name: AFI SHAHDADI

Title: GENERAL COUNSEL

Date: 6/30/2015

ARMAND VEGA

By: _____

Name: Armand Vega

Date: 6/30/2015

SO ORDERED:

_____
The Honorable Valerie E. Caproni
United States District Judge

Dated: New York, New York

July 21, 2015 _____, 2015

14